# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| Crystal Wendy Coley, | ) | |
| --- | --- | --- |
| | ) | Civil Action No.: 6:18-cv-01657-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 13, 2019. (ECF No. 20.) The Report addresses Plaintiff Crystal Wendy Coley's ("Plaintiff") claim for supplemental security income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on December 27, 2016, and denied Plaintiff's claim for SSI. (ECF No. 11-1 at 31.) Although the ALJ found that Plaintiff has severe and non-severe impairments, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically

1

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (*Id.* at 19–20.) In addition, the ALJ concluded that Plaintiff "has the residual functional capacity [("RFC")] to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she can lift and carry up to ten pounds occasionally and less than ten pounds frequently; stand and/or walk for no more than four hours in a workday; and sit for about six hours in a workday." (*Id.* at 22.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on April 20, 2018. (*Id.* at 2–4.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on June 15, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that "there is no explanation by the ALJ of his conclusion that a limitation to simple, routine tasks, with the ability to concentrate, persist, and maintain pace for two hours at a time, accounted for the limitations he found . . . ." (ECF No. 20 at 23.) Specifically, the Magistrate Judge found that the ALJ failed to "account for and explain [Plaintiff's] moderate limitations in the subsequent RFC evaluation." (*Id.* at 24.) The Magistrate Judge concluded that "further explanation and/or consideration is necessary regarding how [Plaintiff's] moderate limitation in concentration, persistence, or pace has or has not translated into limitations in [Plaintiff's] RFC and/or limitations in the hypothetical to the [vocational expert]." (*Id.*) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 25.)

The parties were apprised of their opportunity to file specific objections to the Report on

March 13, 2019. (*Id.* at 26.) Objections to the Report were due by March 27, 2019. (ECF No. 20.) On March 27, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 22 at 1.) Plaintiff has not filed any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of

the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 20.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby,* 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

April 18, 2019
Columbia, South Carolina